UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERINDA ELLIS EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1063 (GK) |
| | ) |
| ALBERTO GONZALES, Attorney General | ) |
| U.S. Department of Justice, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant hereby respectfully answers the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges actions and issues not timely brought to the Agency's Office of Equal Employment Opportunity Affairs, Plaintiff has failed to appropriately exhaust her administrative remedies.

Defendant further answers the numbered paragraphs of the Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. Defendant does not dispute that this case has been brought pursuant to Title VII.

2. Defendant does not dispute the Court's jurisdiction over this matter or that venue is proper in the District of Columbia.

3. Defendant admits that Plaintiff is a citizen of the United States, but lacks sufficient knowledge to admit or deny her residence.

4. Defendant admits to the extent that Plaintiff is African-American and female.

5. Admit.

6. Defendant admits to the extent that Plaintiff filed a complaint with the FBI's Office of Equal Employment Opportunity Affairs on December 21, 2001, but submits that, contrary to Plaintiff's allegation in her complaint, her second filing occurred on January 6, 2003.

7. Admit.

8. Denied because Plaintiff withdrew her hearing request, not her complaint.

9. This paragraph consists of legal conclusions to which no response is warranted.

10. Defendant realleges its responses to paragraphs 1 through 9.

11. Admit.

12. Defendant admits that Ronald Evans, an African-American male, and Robert Keller, a Caucasian male, were Video Communications Specialists in FAVIAU. Otherwise, Plaintiff's allegations are denied.

13. Defendant admits the allegations in this paragraph only to the extent that a meeting took place among the stated individuals and that management actions were discussed. Otherwise, deny.

14. Deny.

15. Defendant admits that Mr. Musheno became the stated individuals' supervisor in June 2001. Defendant denies the remainder of the allegations in this paragraph.

16. In response to the allegations in this paragraph, Defendant submits that Plaintiff was counseled regarding leaving her safe unlocked on multiple occasions and that this performance deficiency was noted in her Performance Appraisal Report ("PAR"). Defendant

either lacks sufficient knowledge or denies the remaining allegations in this paragraph.

17. Deny.

18. Deny except to the extent that Plaintiff was required to report to Quantico, Virginia, for one day each week beginning in May 2001.

19. Defendant admits that Mr. Evans and Mr. Keller were also required to report to Quantico one day a week. Otherwise, deny.

20. Defendant admits that Plaintiff's request to attend a DVD technology class in February 2001, was denied, but that she was permitted to attend the same class in May 2001. Defendant either lacks sufficient knowledge or denies the remaining allegations in this paragraph.

21. Defendant admits that Plaintiff was advised on December 3, 2001, by the FBI's Office of Professional Responsibility that an administrative inquiry was initiated regarding her conduct related to video games on her computer, and this inquiry was eventually expanded to include false statements allegedly made by Plaintiff.

22. Defendant admits that Plaintiff was suspended for ten days as a result of misconduct that was the subject of the administrative inquiry. Defendant either lacks sufficient knowledge or denies the remaining allegations in this paragraph.

23. This paragraph contains legal conclusions that need not be admitted or denied; however, are denied to the extent a response is required.

24 Deny.

25. Defendant realleges its responses to paragraphs 1 through 24.

26. Defendant admits the allegations comprised in the first two sentences of this

paragraph. With respect to the remaining allegations, Defendant submits that Mr. Musheno cited several examples of the Plaintiff's rude behavior toward her supervisor, including her refusal to respond to his greetings, as support for his evaluation that she did not meet the performance standard for the provision "Relating with Others and Providing Professional Service."

27. Defendant admits the allegations comprised in the first sentence of this paragraph. Defendant neither admits nor denies the allegations in the second sentence at this time subject to future response pursuant to an appropriate protective order.

28. Admit only to the extent that after January 8, 2002, Plaintiff was assigned 11 "expedite" cases. Otherwise, deny.

29. Defendant denies Plaintiff's characterizations in this paragraph, but admits that on November 6, 2002, Plaintiff's forensic examiner assignments were reassigned and she was provided with other work.

30. Admit.

31. Admit.

32. Plaintiff actually filed an EEO complaint on January 6, 2003; Defendant admits that Plaintiff was terminated effective February 14, 2003.

33. Defendant lacks sufficient knowledge and thus denies the allegations in this paragraph.

The remaining, separately numbered paragraphs of Plaintiff's Complaint comprise her prayer for relief which does not warrant a response.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney
202/616-5309