UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERINDA ELLIS EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1063 (GK) |
| ) | |
| ALBERTO GONZALES, Attorney General ) | |
| U.S. Department of Justice, ) | |
| ) | |
| Defendant. ) | |
| ) | |

JOINT RULE 16.3(c)/ RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's January 3, 2006, order, the parties submit the following report.

### Plaintiff's Statement of Case

Plaintiff was formerly employed with Defendant as a Video Communications Specialist. She has advanced claims of racial and gender discrimination in accordance with Title VII of the 1964 Civil Rights Act. Plaintiff contends that she was subject to discriminatory treatment in the form of disciplinary actions compared to two similarly-situated employees, one of which is Plaintiff's husband. When Plaintiff complained to Defendant of the discriminatory conduct, she was subsequently terminated from employment.

### Defendant's Statement of Case

Plaintiff's claims before this Court concern her allegation that she was discriminated against based on her race, gender, and reprisal when she was suspended and eventually terminated from employment with the Federal Bureau of Investigation ("FBI") Forensic Audio/Video and Image Analysis Unit. Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, et seq.). To the extent that Plaintiff's complaint raises claims based on alleged actions of Defendant that were not raised in a timely manner or at all to Defendant's Office of Equal Employment Opportunity Affairs, Plaintiff has failed to exhaust her administrative remedies. (42 U.S.C. § 2000e-16(c)). Moreover, several agency actions alleged by

Plaintiff in the complaint do not constitute adverse employment actions. See, e.g. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999)  Finally, Plaintiff's suspension and removal were based on legitimate nondiscriminatory reasons. (see, e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

Local Rule 16.3(c) Points

With regard to the numbered paragraphs of Local Rule 16.3(c), counsel report as follows:

1. Defendant submits that all or part of this case may be resolved by dispositive motion following discovery. At this time, Plaintiff believes that this case will survive summary judgment.

2. The parties do not believe at this time that other parties will be joined, pleadings amended, or factual or legal issues narrowed.

3. The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4. The parties do not believe that there is a possibility of settling the case at this time. Plaintiff will entertain good faith efforts to resolve this matter.

5. The case may benefit from the Court's alternative dispute resolution process or some other form of ADR; however, any form of ADR should be held in abeyance pending discovery and this Court's decision on defendant's dispositive motion. Again, Plaintiff will entertain any good faith efforts to resolve this matter, including ADR. Further, due to the financial hardship, Plaintiff would prefer to participate in ADR prior to discovery.

6. The parties propose that the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes. Any oppositions and replies should be filed in accordance with the Rules of this Court.

7. The parties agree that Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) will be made 30 days after the Initial Scheduling Conference.

8.	The parties propose that fact discovery will be completed in 120 days.

9.	The parties agree that it is unnecessary to modify the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2).  The parties agree that a decision on whether and when depositions of experts should occur will be held in abeyance pending the results of fact discovery.

10.	Not applicable.

11.	The parties agree that it is unnecessary to bifurcate or manage the trial in phases.

12.	The parties propose that the Pretrial Conference be held thirty days after resolution of dispositive motions.

13.	The parties propose that the trial date be set at the Pretrial Conference.

14.	None.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____/s /_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____/s/_____     _____/s/_____
NATHANIEL D. JOHNSON              KATHLEEN KONOPKA
Counsel for Plaintiff             Assistant United States Attorney