UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERINDA ELLIS EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-1063 (GK) |
| | ) |
| ALBERTO GONZALES, Attorney General | ) |
| U.S. Department of Justice, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## AMENDED JOINT RULE 16.3(c)/ RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's June 14, 2007, order, the parties submit the following report.

### Plaintiff's Statement of Case

Plaintiff was formerly employed with Defendant as a Video Communications Specialist. She has advanced claims of racial and gender discrimination in accordance with Title VII of the 1964 Civil Rights Act. Plaintiff contends that she was subject to discriminatory treatment in the form of disciplinary actions compared to two similarly-situated employees, one of which is Plaintiff's husband. When Plaintiff complained to Defendant of the discriminatory conduct, she was subsequently terminated from employment.

### Defendant's Statement of Case

Plaintiff's claims before this Court concern her allegation that she was discriminated against based on her race, gender, and reprisal when she was suspended and eventually terminated from employment with the Federal Bureau of Investigation ("FBI") Forensic Audio/Video and Image Analysis Unit. Defendant submits that Plaintiff has no claim under

Title VII (42 U.S.C. § 2000e, et seq.). To the extent that Plaintiff's complaint raises claims based on alleged actions of Defendant that were not raised in a timely manner or at all to Defendant's Office of Equal Employment Opportunity Affairs, Plaintiff has failed to exhaust her administrative remedies. (42 U.S.C. § 2000e-16(c)). Moreover, several agency actions alleged by Plaintiff in the complaint do not constitute adverse employment actions. See, e.g. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999) Finally, Plaintiff's suspension and removal were based on legitimate nondiscriminatory reasons. (see, e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

## Local Rule 16.3(c) Points

With regard to the numbered paragraphs of Local Rule 16.3(c), counsel report as follows:

1. Defendant submits that all or part of this case may be resolved by dispositive motion following discovery. At this time, Plaintiff believes that this case will survive summary judgment.

2. The parties do not believe at this time that other parties will be joined, pleadings amended, or factual or legal issues narrowed.

3. The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4. The parties do not believe that there is a possibility of settling the case at this time. Plaintiff will entertain good faith efforts to resolve this matter.

5. The parties have engaged in ADR and it was unsuccessful.

6. The parties propose that the deadline for any dispositive motions and/or cross

motions should be sixty days after discovery closes. Any oppositions and replies should be filed in accordance with the Rules of this Court.

    7.    The parties have exchanged Initial Disclosures.

    8.    The parties have exchanged extensive written discovery. Discovery will be completed by October 30, 2007. The parties agree to limit the number of depositions to 10 per party.

    9.    Defendant proposes that the requirements of Fed. R. Civ. P. 26(a)(2) be modified as follows:

A party proposing to use an expert witness shall designate any experts and serve expert reports 30 calendar days before the end of discovery, and the opposing party shall name responsive experts within 30 calendar days thereafter. Depositions of experts may be taken within 45 calendar days of service of experts' reports.

    10.    Not applicable.

    11.    The parties agree that it is unnecessary to bifurcate or manage the trial in phases.

    12.    The parties propose that the Pretrial Conference be held thirty days after resolution of dispositive motions.

    13.    The parties propose that the trial date be set at the Pretrial Conference.

    14.    None.

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney


        _____/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney


        _____/s/_____
        JUDITH A. KIDWELL
        Assistant United States Attorney
        555 Fourth Street, N.W.- Civil Division
        Room E4905
        Washington, D.C. 20530
        (202) 514-7250


        _____/s/_____
        NATHANIEL D. JOHNSON
        3475 Leonardtown Road, Suite 200
        Waldorf, MD 20602
        301 645-9103
        Attorney for Plaintiff