IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERINDA EVANS

    Plaintiff,

vs.                                CIVIL No: 05-1063    (GK)

MICHAEL MUKASEY

    Defendant.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**NOW COMES** Merinda Evans, Plaintiff, by undersigned counsel and moves this Court for an Order compelling Defendant to supplement its discovery and for sanctions and costs in the above-captioned matter. In support of this motion, Plaintiff states herein as follows:

1. Plaintiff initiated this civil action on May 26, 2005;

2. Discovery is currently scheduled to conclude April 30, 2008;

3. On or about December 12, 2007, Plaintiff propounded discovery to Defendant that included both Request for Admissions and Production of Document Requests; (Exhs. 1 Plaintiff's Discovery to Defendant)

4. On January 31, 2008, this Court granted Defendant's Consent to amend the Scheduling Order in this case; (Dkt. No. 28)

5. On March 3, 2008, Defendant responded to Plaintiff's discovery; (Exhs. 2 Defendant's Responses to Plaintiff's Request for Admissions and Document Requests)

1

6. On March 17, 2008, Plaintiff sent Defendant the following communication via e-mail:

*Mr. Interrante, I would like to schedule a time immediately to discuss your client's discovery responses; second, and, what is more deserving of a response, why did the agency restrict its responses up to year 2003? The discovery instructions specifically stated up to 2005. Please contact me to discuss at 301 645-9103.*

*Regards,*

*Nathaniel D. Johnson, Attorney at Law*

*The Law Firm of Nathaniel D. Johnson, L.L.C.*
*201 Centennial Street, Suite #A-2*
*P.O. Box 1857*
*LaPlata, MD 20646*
*301 645-9103/301 934-4366*

7. On March 20, 2008, parties conferred and Plaintiff vigorously complained that Defendant narrowed the scope of relevant discovery information pertaining to Robert Keller from 2005 to 2003. Plaintiff also sought supplementation of Defendant's Request for Admissions related to Robert Keller; specifically, Defendant contends that he did not have the deposition transcript of Mr. Keller to respond.

8. Plaintiff sent Defendant a letter memorializing her perceived stipulation of the discussion; (See Exh. 3)

9. On March 21st, Defendant responded as follows:

*Counsel,*

*I will send a letter next week, but I want to make sure defendant's position is clear tonight:*

*(1)    We stand on our objection to disclosure of records relating to the 2004-2005 period for Mr. Keller; and*
*(2)    We will supplement responses based on Mr. Keller's deposition.*

2

> *I will confer with FBI counsel, who has been out of the country, when she returns to work on Monday, March 24, 2008, and we will provide our supplemental disclosures next week, when you will be out of the office.*
>
> *We will discuss the supplemental responses when you return the week of March 31, 2008. You can decide then whether or not you feel you need to seek court intervention to resolve an outstanding discovery dispute. Under these circumstances, I will ask FBI counsel to seek an alternative date for the depositions of Williams and Snyder, who are available to be deposed on April 1, 2008.*
>
> *John Interrante, AUSA*

10.     This motion follows.

## ARGUMENT

Federal Rules of Civil Procedure Rule 37(a) (4) (A), entitles a party to sanctions and costs for failure to cooperate in discovery. Plaintiff's efforts to move this litigation forward with discovery are being frustrated by the actions of the Defendant and warrant sanctions and costs. (See Green v. District of Columbia 134 F.R.D. 1 D.D.C.,1991.) Plaintiff initially propounded discovery upon Defendant more than four (4) months ago, and this Court granted Plaintiff's enlargements of time to allow Defendant sufficient opportunity to produce its responses.

Principally, at issue is Defendant's failure to produce personnel and performance records related to, Robert Keller, the comparator of Plaintiff's discrimination complaint up to the year 2005. Moreover, Defendant has not supplemented his Responses to Plaintiff's Requests for Admissions, albeit he has in his possession Mr. Keller's deposition transcript. In fact, Defendant's counsel has repeatedly held that he must confer with Agency Representative on the matter. However, a significant amount of delay has resulted in Defendant's non-cooperation, and Plaintiff, and this Court, has afforded Defendant a significant amount of time to produce responsive discovery.

**CONCLUSION**

To date, Defendant has produced inadequate discovery responses to Plaintiff's discovery. Plaintiff has exhausted his efforts to resolve this matter before bringing this motion to the Court. Plaintiff will be significantly prejudiced by Defendant's failure to cooperate with discovery unless requested relief is granted.

For these reasons, Plaintiff asks that this Court grant his motion for an Order compelling Defendant to supplement its discovery and award sanctions and costs.

Respectfully requests a hearing on this matter:

_____/s/_____
Nathaniel D. Johnson (MD#14729)
Richard L. Thompson (MD#15980)
201 Centennial Street, A-2
P.O. Box 1857
LaPlata, MD 20646
301 645-9103

Dated: April 8, 2008

**Certificate of Service**

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion and Order to the addressee via ECF:

John Interrante, AUSA
for Defendant

_____/s/_____
Nathaniel D. Johnson