IN THE UNITED S TATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERINDA EVANS : | |
| : | |
|    Plaintiff, : | |
| : | |
| v. : | Civil Action No.  05-1063 (GK) |
| : | |
| MICHAEL MULKASEY, : | |
| U.S. ATTORNEY GENERAL : | |
| : | |
|    Defendant. | |
| _____/ | |

**PLAINTIFF'S SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS**

     Pursuant to FRCP 34, Plaintiff, Merinda Evans, by undersigned counsel, and propound the following requests for documents within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspecting and copying thirty days from today's date at The Law Firm of Nathaniel D. Johnson, 3475 Leonardtown Road, Waldorf, Maryland 20602.

     1.     "Plaintiff" refers to Merinda Evans.

     2.     The term "Defendant" refers to Michael Mukasey, U.S. Attorney General, the Federal Bureau of Investigation and each of its departments, agencies, divisions, subdivisions, predecessors, directors, officers, managers, supervisors, contractors, employees, agents, members, representatives and all persons acting or purporting to act on its behalf.

     3.     The term "document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer-readable material.

     4.     The term "persons" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint venture groups, associations and organizations.

5. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

6. "Correspondence" means any letter, memorandum or other writing.

7. "Communication" or 'communications" includes, without limitation facsimile, in-person or telephone conversations, telegrams, telexes, tapes, or other sound recordings or means of transmitting information from one source to another.

8. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular includes the plural, and vice versa.

10. The use of one gender includes all others, appropriate in the context.

## INSTRUCTIONS

1. The relevant time period of these requests is from 2000 to 2005 and shall include all documents which relate or refer to this period even though prepared before or subsequent to that period.

2. If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based and the document objected to by furnishing its date, author, recipient, a general description of the subject matter of the document and the reason why the document is protected.

3. Notwithstanding your objection, you must disclose any objected to evidence containing nonobjectionable matter which is relevant, and material to the discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

4. If you later discover additional responsive documents, you are obligated to supplement your responses pursuant to FRCP 26(e).

## REQUESTS FOR DOCUMENTS

1. Please produce the complete personnel files of the following individuals:
    a. Robert Keller
    b. Phil Williams

2. Please produce Robert Keller's annual performance appraisals (PARS).

3. Please produce Phil Williams' annual performance appraisals (PARS).

4. Please produce the annual number of video examinations assigned to Robert Keller.

5. Please produce the total number of video examination not completed, discontinued, returned not worked by Robert Keller.

6. Please produce the annual or yearly rankings of Robert Keller by the number of examinations completed by FAVIAU Video Examiners.

7. Please produce the annual or yearly rankings of Robert Keller by number of examinations completed by all FAVIAU Examiners.

8. Please produce all documentation regarding Robert Keller's educational background and qualifications for all of the positions he held, applied for.

9. Produce all job postings, announcements for the VCS positions to include its educational qualifications.

10. Produce the case names, case numbers, dispositions of all cases in which evidence was administered or examined by the following individuals:

    a. Plaintiff
    b. Ronald Evans
    c. Robert Keller
    d. Phil Williams
    e. Barbara Snyder
    f. Thomas Musheno

Respectfully submitted on behalf of Plaintiff:

Dated: December 12, 2007        Signed: _____/S/_____
                                Nathaniel D. Johnson (MD 14729)
                                Richard L. Thompson (D.C. Bar #15980)
                                The Law Firm of Nathaniel D. Johnson
                                3475 Leonardtown Road, Suite 200
                                Waldorf, Maryland 20602
                                301 645-9103

**Certificate of Service**

I, Nathaniel D. Johnson, affirm under the penalty of perjury that on this date, December 12, 2007, the foregoing Plaintiff's Second Request for Production of Documents and Request for Admissions was sent, via facsimile and prepaid postage, to the following addressee:

John G. Interrante, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street
Room E4412
Washington, D.C. 20530

Attorney for Defendant

_____/s/_____
Nathaniel D. Johnson