UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **MERINDA ELLIS EVANS,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 05-1063 (GK) |
| v. | ) |
|  | ) |
| **MICHAEL MUKASEY,** | ) |
| **ATTORNEY GENERAL,** | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL**

Defendant, by and through undersigned counsel, respectfully responds to plaintiff's motion to compel discovery filed on April 8, 2008. Plaintiff seeks the Court's expansion of discovery in this matter without making any attempt to explain the relevance or admissibility of the requested information. Moreover, plaintiff fails to advise the Court in her motion that she challenges the adequacy of defendant's responses to requests for production of documents that seek the same information previously sought in plaintiff's first set of discovery requests propounded on July 3, 2006, and to which defendant responded by producing the responsive documents sought in the instant motion, to the extent that they still existed, on September 8, 2006. Plaintiff's failure to challenge defendant's response to the initial requests served 18 months ago belies any claim that defendant's March 3, 2008 responses are inadequate.

Plaintiff also moves to compel defendant to supplement its responses to requests to admit certain alleged testimony of Robert Keller, who was deposed by plaintiff's counsel in this case on June 30, 2006, even though the testimony speaks for itself, and Fed. R. Civ. P. 36 contemplates requests to admit "facts, the application of law to fact, or opinions about either" and "the

genuineness of any described documents" relevant to the issues in the case.  In any event, plaintiff can hardly blame defendant for any delay in responding to 110 requests for admission (a number of which were objectionable as vague and ambiguous) and 10 additional requests for production of documents served six weeks before the January 31, 2008 discovery cutoff.[1]  Indeed, plaintiff, who claims that defendant has not cooperated in responding to the extensive requests, made no effort to direct defendant to any specific parts of the deposition transcript, presumably because the requests do not fairly characterize the testimony of the witness or seek to supplement the deposition transcript on points not clearly established during the deposition.  Nonetheless, plaintiff's motion to compel relates to a small percentage of the discovery requests served on December 13, 2007, and defendant responded, without objection, to those requests that asked defendant to admit or deny facts, as contemplated by Rule 36.

Accordingly, the Court should deny plaintiff's motion to compel discovery requests that go well beyond the scope of proper discovery.

---

[1] In Defendant's Consent Motion for an Amended Scheduling Order filed on January 31, 2008, defendant explained the basis for its need for additional time to respond to the discovery requests as follows:

> On December 13, 2007, Plaintiff served a set of requests for production of documents and a set of 110 requests for admission.  The agency attorney who had been handling the case for close to two years left the FBI, Office of General Counsel, Employment Law Unit II, in early January 2008, and had very limited time to work on this case, given scheduled leave prior to his departure.  The newly-assigned agency counsel, one of 6 (out of a previous total of 8) attorneys in her unit, has been diligently working to contact witnesses with information necessary to respond to the discovery requests and requests for admission.

In addition to new agency counsel, undersigned counsel entered a substitution of counsel in this case on or about November 28, 2007.  Defendant eventually required about 7 weeks of additional time to respond to the requests.

**BACKGROUND**

Plaintiff's Complaint alleges race and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq., and reprisal when she was suspended and eventually terminated from employment with the Federal Bureau of Investigation ("FBI") Forensic Audio/Video and Image Analysis Unit on February 14, 2003.

### A.  Plaintiff's First and Second Request for Production of Documents

On July 3, 2006, plaintiff served her first request for production of documents in this case. Defendant responded to plaintiff's requests on September 8, 2006, and provided a voluminous amount of information, which plaintiff fails to recognize in her motion, including personnel documents relating to Robert Keller, an alleged comparator. Specifically, plaintiff's first set of requests for production stated, in pertinent part:

> 11. Please produce the complete personnel files of the following individuals:
>
>     b. Richard (sic) Keller

The instructions to the first set of requests for production of documents defined the relevant time period for this request as "from 2000 to present." Defendant responded to this request on September 8, 2006, as follows:

> [W]ith respect to Robert Keller . . . , Defendant objects to this request on the basis that it is overbroad and seeks in part material that is not relevant to the instant litigation and that implicates the protections of the Privacy Act. However, labeled as 11b . . ., Defendant has included in this production select documents from [Keller]'s personnel files that relate to [his] performance during [his] tenure at the FBI. Defendant has specifically withheld material that deals with particularly private and irrelevant matters, including medical and financial/credit information.

Thus, defendant disclosed the personnel and performance-related information requested by plaintiff, and withheld medical and financial/credit information, which is irrelevant to any issue in this case.

3

Plaintiff never challenged defendant's response to Request No. 11(b), and has not requested the medical and financial information withheld as irrelevant.

On December 13, 2007, six weeks before the January 31, 2008 discovery cutoff, and 15 months after defendant responded to plaintiff's first set of discovery requests, plaintiff served 110 requests for admissions and a second set of requests for production of documents to defendant. Although plaintiff fails to advise the Court which specific responses she challenges in her motion to compel, plaintiff refers to defendant's alleged "failure to produce personnel and performance records related to Robert Keller, the comparator of Plaintiff's discrimination complaint up to the year 2005" (Pl's Mot. to Compel at 3). Based on discussions with plaintiff's counsel, defendant interprets plaintiff's motion to relate to the two requests that specifically seek such information from Robert Keller's official personnel file, including performance appraisals ("PARS"), and defendant therefore limits our response to those requests. The requests and defendant's objections and responses thereto are as follows:

[Second Request for Production] No. 1

>Please produce the complete personnel files of the following personnel.

>1a    Robert Keller

>[Defendant's] Responses and Objections to Request No. 1:

>Defendant objects to this request on the basis that it is over broad as to subject matter and dates and seeks in part material that is not relevant to the instant litigation and that implicates the protections of the Privacy Act. Defendant further objects to part (a) of this request because it is identical to Request Number 11 [of plaintiff's first set of requests for production of documents] to which Defendant has already responded and has produced the documents that are responsive to this request and not subject to objection. . . . Defendant has specifically withheld material that deals with particularly private and irrelevant matters, such as financial/credit information [as noted in defendant's response to plaintiff's first set of requests for production].

[Second Request for Production] No. 2

>Please produce Robert Keller's annual performance appraisals (PARS).

[Defendant's] Responses and Objections to Request No. 2:

>Defendant objects to this request on the basis that it is over broad as to the dates sought and seeks material already provided to plaintiff in discovery. Subject to and without waiving the foregoing general and specific objections, Defendant states that, as indicated on the inserts in each of the OPFs that have been produced [in response to Request No. 11 of plaintiff's first set of requests for production of documents], on March 5, 2001 the types of materials the FBI permanently retained as part of the OPF changed as a result of following OPM guidelines. As a result, PARS are no longer required to be retained as a permanent part of the personnel file, and pursuant to this retention policy, some PARS may have been destroyed. Defendant further states that it has already produced such PARS as it was able to locate.

Accordingly, defendant's responses to plaintiff's second set of requests for production of documents relating to Robert Keller's official personnel file and performance appraisals made clear that the requests sought information previously produced in response to Request No. 11 of plaintiff's first set of discovery requests, and that some of the requested information, including certain performance appraisals, were no longer retained as part of Mr. Keller's official personnel file.[2] Defendant further responded "that it has already produced such PARS as it was able to locate."

---

[2] A third request (No. 8) sought information contained in Robert Keller's official personnel file, but plaintiff did not raise this request in discussions over the adequacy of defendant's responses to her requests for production of documents. In any event, without waiving its objections, defendant also responded to Request No. 8 that it had produced responsive documents in its response to Request No. 11(b) of plaintiff's first set of requests for production of documents:

[Second Request for Production] No. 8

>Please produce all documentation regarding Robert Keller's educational background and qualifications for all of the positions he held, applied for.

[Defendant's] Responses and Objections to Request No. 8:

5

Thus, contrary to plaintiff's assertion in her motion, defendant did not withhold documents from the time period of 2003 to 2005 in its response to the challenged requests relating to defendant's alleged "failure to produce personnel and performance records related to Robert Keller . . . . up to the year 2005" (see Pl's Mot. To Compel at 2-3).[3]  In any event, defendant continues to object that any information concerning the job performance or circumstances of employment of Robert Keller, as an alleged comparator, after plaintiff's termination on February 14, 2003 is irrelevant and non-discoverable.  Plaintiff has declined to provide any legal citation in support of her position to the contrary.

---

      Defendant objects to this request on the basis that it is over broad as to subject matter and dates, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Defendant states that the responsive documents located by the Defendant have already been produced to plaintiff in response to Request 11(b) of Plaintiff's first set of document requests.

    [3]  Plaintiff's counsel initially complained that "the agency restrict[ed] its responses up to the year 2003" (see Pl's Mot. to Compel at 2).  Although defendant did limit its responses to certain requests to documents or records relating to the period of 1999 to 2002 (see Response to Request No. 3 and 10), its responses to the requests challenged in the motion to compel were not so limited.  Accordingly, undersigned counsel refused to stipulate that defendant would disclose records relating to the 2004-2005 period for Mr. Keller without first conferring with agency counsel, who was out of the country at the time, to confirm this understanding.  Under these circumstances, undersigned counsel advised plaintiff's counsel that defendant stood by our objection that any such records, to the extent they exist, are irrelevant (see Pl's Mot. to Compel at 2-3).  In the interim, undersigned counsel has conferred with agency counsel and confirmed that defendant's response to Request Nos. 1 and 2 of plaintiff's second set of discovery requests is the same as its response to Request No. 11 of plaintiff's first set of requests, and that the specific records sought in the instant motion, to the extent they exist, had been disclosed 18 months ago.

**B.     Plaintiff's Requests for Admission**

Plaintiff's motion to compel seeks supplemental responses to unspecified requests for admission relating to the deposition testimony of Robert Keller on June 30, 2006. Plaintiff's motion fails to acknowledge that defendant responded to 110 requests for admission, which were served late in the discovery period and at a time when a new agency counsel (as well as undersigned counsel) was being assigned to the case (see n.1, supra). In addition, the sheer number of requests, many of which were vague and ambiguous, required an extensive, time-consuming review of the case files (id.). Furthermore, defendant responded, without objection, to those requests that asked defendant to admit or deny facts, as contemplated by Rule 36. See, e.g., ("Request No. 98: Admit or Deny that Robert Keller was never verbally reprimanded for his delinquent casework. Response: Denied.").

Specifically, plaintiff challenges the responses to the three requests in which defendant advised that it could not locate the deposition transcript of Robert Keller, but would supplement its responses, as appropriate, once a copy of the transcript could be located or obtained. Indeed, defendant requested a copy of the relevant transcript pages from plaintiff in its response to each request, but plaintiff declined to provide this information, and instead provided the name of the court reporter to undersigned counsel. Defendant cannot admit any of the three requests, as written, because the requests do not fairly characterize the testimony of the witness or seek to supplement the deposition transcript on points not clearly established during the deposition. In any event, upon review of the transcripts, defendant supplements its initial responses as follows:

Request No. 91

Admit or Deny Robert Keller testified during his deposition that he only received adverse performance information as it relates to his interacting well with others.

[Initial] Response to Request No. 91

Despite a search of its files, the Defendant has been unable to locate the deposition of Robert Keller, and therefore is unable at this time to either admit or deny this Request and therefore denies it.  Defendant will continue its search for this deposition and upon locating it <u>or upon being provided with a copy by Plaintiff</u>, Defendant agrees to and reserves the right to reconsider this response (emphasis added).

[Supplemental] Response to Request No. 91

DENIED.  Fed. R. Civ. P. 36 contemplates requests for admission of "facts" or "the genuineness of any described documents" relevant to the issues in this case.  Defendant is not required to supplement the deposition testimony of a witness by admitting that a witness gave an answer to a question that was not specifically posed during the witness' deposition.  Furthermore, upon review of the Keller deposition transcript, defendant has found multiple references to the subject of this request, including testimony clearly contrary to the request.  <u>See</u> Keller Dep. at 68 ("Q: I want to talk about the mid-year par in 2001 . . . A.  Okay.  Q:  What were you told you were lacking in?  A. Productivity.   Q.  Were you ever [c]ited for any quality assurance problems?  A.  No."

Request No. 93

Admit or Deny Robert Keller testified that he did not receive any adverse performance evaluations during his entire career with Defendant.

[Initial] Response to Request No. 93

Defendant objects to Request number 93 on the basis that the word "testified" is vague and ambiguous because it does not specify the date or the type of testimony, and based on this objection, Defendant believes it is not required to answer this Request.  Subject to and without waiving the foregoing objection, Defendant states that if "testified" includes both written and oral testimony, Robert Keller testified in his sworn statement on September 19, 2002, that he did receive an adverse performance evaluation.  To the extent that "testified" means Robert Keller's deposition testimony, despite a search of its files, the Defendant has been unable to locate the deposition of Robert Keller, and therefore is unable to either admit or deny this Request.  Defendant will continue its search for this deposition and upon locating it or <u>upon being provided with a copy by Plaintiff</u>, Defendant agrees to and reserves the right to reconsider this response.  To the extent that a response is required at this time based on the information available to Defendant, Defendant denies this Request (emphasis added).

[Supplemental] Response to Request No. 93

DENIED. Fed. R. Civ. P. 36 contemplates requests for admission of "facts" or "the genuineness of any described documents" relevant to the issues in this case. Defendant is not required to supplement the deposition testimony of a witness by admitting that a witness gave an answer to a question that was not specifically posed during the witness' deposition. Furthermore, in addition to misstating the substance of Keller's sworn statement, upon review of the Keller deposition transcript, defendant has found multiple references to the subject of this request, including testimony clearly contrary to the request. See Keller Dep. at 68 ("Q: I want to talk about the mid-year par in 2001 . . . A. Okay. Q: What were you told you were lacking in? A. Productivity. Q. Were you ever [c]ited for any quality assurance problems? A. No."

Request No. 102

Admit or Deny that Robert Keller testified that he was never counseled for the quality of his work while assigned at headquarters.

[Initial] Response to Request No. 102

Defendant objects to Request number 102 on the basis that the word "testified" is vague and ambiguous because it does not specify the date or the type of testimony, and based on this objection, Defendant believes it is not required to answer this Request. Subject to and without waiving the foregoing objection, Defendant states that, to the extent that the word "testified" refers to Robert Keller's deposition testimony, despite a search of its files, the Defendant has been unable to locate the deposition of Robert Keller, and therefore is unable to either admit or deny this Request and therefore denies it. Defendant will continue its search for this deposition and upon locating it or upon being provided with a copy by Plaintiff, Defendant agrees to and reserves the right to reconsider this response (emphasis added).

[Supplemental] Response to Request No. 102

DENIED, as written. ADMIT, as interpreted herein. Fed. R. Civ. P. 36 contemplates requests for admission of "facts" or "the genuineness of any described documents" relevant to the issues in this case. Defendant is not required to supplement the deposition testimony of a witness by admitting that a witness gave an answer to a question that was not specifically posed during the witness' deposition. Upon review of the Keller deposition transcript, defendant could not find a specific question posed to Mr. Keller about whether he was ever "counseled for the quality of his work." However, Mr. Keller was asked a question similar to this request. See Keller Dep. at 68 ("Q: I want to talk about the mid-year par in 2001 .

9

. . A. Okay. Q: What were you told you were lacking in? A. Productivity. Q. Were you ever [c]ited for any quality assurance problems? A. No."

Mr. Keller's testimony that he was never "cited" for any quality assurance problems is not necessarily the same as being "counseled for the quality of his work," but is consistent with the "fact" that Mr. Keller's work, unlike plaintiff's, did not suffer from quality assurance problems. Accordingly, to the extent this request can be construed as seeking an admission that Mr. Keller testified in response to a question during his deposition that he was never "cited" for, or otherwise made aware of, any quality assurance problems, we ADMIT the request. We further note that Mr. Keller cannot therefore be a comparator because plaintiff, unlike Mr. Keller, was counseled for quality assurance problems, as well as for "productivity" issues relating to the quantity of her work product.

### C.   Meet and confer

Defendant initially lodged a general objection to the adequacy of the defendant's responses, but eventually narrowed the dispute to certain information in Robert Keller's official personnel file and his performance appraisals for the period up to 2005, and the requests for admission relating to Keller's deposition testimony. Undersigned counsel advised plaintiff's counsel that FBI counsel was out of the country during the period of the initial discussions and that undersigned counsel would discuss any appropriate supplemental responses upon her return. Upon further discussion with agency counsel, it became clear that defendant had adequately responded to the challenged requests for production of documents relating to Robert Keller in both its September 8, 2006 and March 3, 2008 responses, and that the responsive information sought by plaintiff, to the extent that it still existed, had been disclosed 18 months ago. Moreover, upon review of the Keller deposition transcript (and sworn statement), defendant was unable to locate any specific questions and answers that mirror the three challenged requests for admission and also determined that the requests did not fairly characterize the witness's testimony. Nonetheless, defendant has attempted to read the requests generously, and therefore is willing to admit the third request (No. 102), as re-written

above.

## ARGUMENT

### I. Defendant's Responses to Plaintiff's Request for Production of Documents Complied with Fed. R. Civ. P. 34

On March 3, 2008, defendant responded to plaintiff's second set of requests for production in accordance with Fed. R. Civ. P. 34, by setting forth its objections to each request and disclosing non-objectionable information. In Request Nos. 1 and 2, plaintiff requested "personnel and performance records related to Robert Keller, the comparator of Plaintiff's discrimination complaint up to the year 2005" (Pl's Mot. to Compel at 3), notwithstanding her request for the same information in her first set of discovery requests, and defendant's unchallenged response thereto on September 8, 2006. Specifically, in its Response to Interrogatory No. 11(b) of plaintiff's first set of requests for production of documents, defendant provided plaintiff with copies of documents in Mr. Keller's official personnel file, to the extent they still existed, and withheld certain medical and financial records, that are not relevant to the instant motion. Rule 34 requires nothing more than this. In addition, plaintiff fails to acknowledge or explain her failure to challenge defendant's responses to her initial discovery requests in the intervening 18 months. Plaintiff's failure to challenge defendant's initial response belies any claim of delay or inadequacy of defendant's responses to the second set of discovery requests. Accordingly, plaintiff's request that the Court compel responses to the "Keller" requests under Fed. R. Civ. P. 37(a)(4) (see Pl's Mot. to Compel at 3) is wholly lacking in merit and should be denied without a hearing.

Defendant also properly objected to plaintiff's requests to the extent they requested personnel and performance documents relating to Robert Keller's continued FBI employment after plaintiff was terminated on February 14, 2003. Under Rule 26(b)(1), plaintiff is entitled only to discovery

"regarding any matter, not privileged, that is relevant to the claim or defense of any party" and further provides that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In the context of employment discrimination cases, such discovery must be specific to a reasonable time frame surrounding the discriminatory event being alleged. Dorchy v. WMATA, 45 F. Supp. 2d 5, 16 (D.D.C. 1999). A reasonable time frame, for allegations of discriminatory conduct over a short period of employment, is generally limited to said period of employment. For example, in Hardrick v. Legal Services Corp., 96 F.R.D. 617 (D.D.C. 1983), this Court limited the plaintiff's discovery requests to the period of her employment where:

> Plaintiff's interrogatories seek discovery concerning the entire scope of the defendant's personnel practices and procedures for the entire corporation from January 1, 1976 to the present time . . . . In this case plaintiff has alleged disparate treatment in the terms and conditions of her employment in 1980 and 1981 and with respect to her termination on April 1, 1981. While Rule 26 permits discovery not only of matters which may be relevant and admissible at trial, but also of matters which may lead to admissible evidence, and courts in the past have stated that the rules should be broadly and liberally construed, more recently courts have become concerned about "fishing expeditions", discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests. Thus, discovery should be tailored to the issues involved in the particular case . . . . This is so even in a case involving allegations of race discrimination, and while claims of disparate treatment, of necessity, require discovery of how others have been treated, it should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct. Thus, the Magistrate is persuaded by the authorities cited by the defendant which indicate that discovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other prohibited grounds of unlawful discrimination.

Id. at 618-619.

Plaintiff cites absolutely no legal authority in her motion to compel for the proposition that she is entitled to discovery of information outside the period of her employment with the FBI, which was terminated on February 14, 2003. As stated in Hardrick above, Plaintiff's discovery requests should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct. See also Waters v. U.S. Capitol Police Bd., 216 F.R.D. 153, 164 (D.D.C. 2003) ("Plaintiff was a recruit when he was fired in 2001 after what I have to believe was a few months of training. To demand information for years prior to his arrival does not make any sense."). Plaintiff has not articulated why that time frame should exceed the period of her employment with the FBI in this case, which was terminated on February 14, 2003, and be expanded up to 2005 with respect to Robert Keller, whose status as an alleged comparator is disputed because, in addition to the temporal objection, plaintiff's work, as opposed to Mr. Keller's work, was criticized for quality assurance problems.

Indeed, what Plaintiff seeks is the sort of fishing expedition against which Hardrick cautions. Although Plaintiff has no basis for suspecting such evidence exists, based on defendant's unchallenged response to her first set of requests for production of documents, she asserts the need for discovery outside the relevant time frame. Plaintiff has been provided all available material for the relevant employment period ending with her termination on February 14, 2003, and plaintiff's motion to compel any additional disclosures should be denied.

### II.  Defendant's Responses to Plaintiff's Requests for Admission Complied with Fed. R. Civ. P. 36

Fed. R. Civ. P. 36(a)(1) provides, in pertinent part, that:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
> (B) the genuineness of any described documents.

The requesting party may challenge the sufficiency of an answer or objection to a request to admit by filing a motion under Fed. R. Civ. P. 36(a)(6). "The court may defer its final decision until a pretrial conference or a specified time before trial." Id.  Challenges to a failure to admit are addressed in Fed. R. Civ. P. 37(c)(2), which provides that a requesting party may move for expenses and fees if the other party "fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true." The court should award such a request "unless:

> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

Plaintiff challenges the responses to the three requests in which defendant advised that it could not locate the deposition transcript of Robert Keller, but would supplement its responses, as appropriate, once a copy of the transcript could be located or obtained.  Defendant requested a copy of the relevant transcript pages from plaintiff in its response to each request, but plaintiff declined to provide this information, and instead provided the name of the court reporter to undersigned

counsel. Clearly, plaintiff's failure to cooperate fully in this matter contributed to any delay in the response. Moreover, the deposition testimony speaks for itself and it is not clear why plaintiff asked defendant to admit that Mr. Keller had "testified" to certain alleged facts, rather than simply asking defendant to admit the underlying facts themselves or to admit to the genuineness of the deposition transcript, as contemplated by Rule 36. Nonetheless, defendant is required only to respond to the request as written. See Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit what is requested under Rule 36 . . . .")

In any event, defendant, upon a careful review of the transcript of Robert Keller's deposition transcript and sworn statement, cannot admit any of the three requests, as written, and must therefore deny them (with one exception as noted above) because the requests do not fairly characterize the testimony of the witness or seek to supplement the deposition transcript on points not clearly established during the deposition. While such a request may be appropriate for a trial stipulation under appropriate circumstances, it is not an appropriate use of a request for admission and plaintiff's motion to compel supplemental responses, which defendant is providing in the context of this pleading, should therefore be denied.

**WHEREFORE**, defendant requests that the Court deny plaintiff's motion to compel in its entirety.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov