UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MERINDA ELLIS EVANS, | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 05-1063 (GK) |
| v. | ) ECF |
|  | ) |
| MICHAEL MUKASEY, ATTORNEY GENERAL, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

In this case alleging disparate treatment on the basis of race and gender as well as retaliation for the Plaintiff's filing of an Equal Employment Opportunity ("EEO") complaint, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, the Plaintiff has belatedly moved for leave to file an amended complaint. The amended complaint seeks to add a count that names Phil Williams as a similarly-situated individual employed in the Federal Bureau of Investigation ("FBI") under the Plaintiff's claim alleging disparate treatment on the basis of gender and race.

Defendant opposes Plaintiff's attempt to amend her complaint in order to add a count naming Mr. Williams as a similarly-situated individual because the Plaintiff's motion was unnecessarily and unreasonably delayed for three years, just prior to the close of discovery and after substantial development of the case. Further, the timing of the motion for leave to amend unfairly prejudices the defendant because the Plaintiff filed the motion just a few days before Mr.

Williams was scheduled to be deposed. Morever, this count will fail to survive a dispositive motion.

## FACTUAL BACKGROUND

Plaintiff filed suit in this case on May 26, 2005. See Complaint (Dk. No. 1). She alleges disparate treatment based on race and gender in violation of Title VII as well as retaliation for previously filed EEO complaints. Id. At the time of her termination on February 14, 2003, Plaintiff was a GS-13 Video Communications Specialist, Video Examiner, within the Forensic Audio Video Image Unit ("FAVIAU") of the FBI. See Affidavit of Merinda Ellis, May 29, 2003, Exhibit 1 at p. 1 ("Ex. 1"). During the relevant time period, three members of FAVIAU including Plaintiff, Ronald Evans, and Robert Keller were located at FBI Headquarters. See Affidavit of Merinda Ellis, July 26, 2002, Exhibit 2 at p. 3 ("Ex. 2").

On March 15, 2001, the three aforementioned Video Examiners met with Section Chief DeVincentis in order to alert him to actions by management that they believed hindered their effectiveness. Id. Due to a reorganization in the Unit, a backlog of casework had occurred, and the three Video Examiners were charged with alleviating the backlog. Id. The Unit Chief, Jim Ryan, believed that this process was not occurring fast enough, and the Video Examiners sought DeVincentis's help in acquiring more equipment and time to mitigate the backlog. Id. Plaintiff alleges that after the March 15, 2001 meeting the work of all three Video Examiners' was more heavily scrutinized, but that the Plaintiff received additional scrutiny because of her race and gender. Id. at 4. For example, the Plaintiff alleges that a special requirement was placed on her to report to Quantico, Virginia weekly to conduct file reviews. Id. In fact, the weekly reports to Quantico were required of all three Video Examiners as a part of the consolidation of the FBI

Headquarters Unit with a unit located at Quantico, Virginia doing similar work. See Affidavit of Tom Musheno, Exhibit 3 at p. 5 ("Ex. 3").

In June 2001, Thomas Musheno became the three Video Examiners' supervisor. During this time, Mr. Musheno observed that Plaintiff left her safe unlocked four times. Id. at pp. 12-15. He documented dates she left her safe unlocked in her Performance Appraisal Report ("PAR"). Id. Plaintiff's supervisor also denied her compensatory time on October 15, 2001 and October 18, 2001 after considering her requests in conjunction with the time needed to complete the assigned cases. Id. at pp. 7-10. On December 3, 2001, Plaintiff was advised that a Non-Serious Misconduct, Office of Professional Responsibility investigation was opened concerning her playing of computer games while at work. Id. at 15-17. The investigation was then expanded to include false statements allegedly made by the Plaintiff. The results of this investigation led to a ten-day suspension of the Plaintiff. Id.

On October 30, 2002, the Plaintiff was demoted from Video Examiner to an undetermined status. Ex. 1 at p. 1. Her duties were reassigned because a Quality Assurance Audit Report examining five random case records revealed that the Plaintiff's records were unsatisfactory. See Id. at p. 2. This demotion came after the Plaintiff had been trained, notified, reminded, and warned of the importance and requirement that she needed to adhere to Quality Assurance policies. Id. On November 20, 2002, the Plaintiff's PAR documented a "Does Not Meet Expectations" rating in one critical element. Id. at p. 3. On November 20, 2002, the Plaintiff was advised that she would be required to report to work at the FBI facility in Quantico, VA. Id. at p. 4. On February 14, 2003, the Plaintiff's supervisors presented her with a letter of dismissal. Ultimately, Plaintiff was dismissed due to these well-documented performance issues. Id.

**ARGUMENT**

I. Standards for a Motion to Amend a Complaint

Fed. R. Civ. P. 15 provides in pertinent part:

(a) Amendments Before Trial.
    (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course:
        (A) before being served with a responsive pleading; or
        (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
    (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Id.  The district court soundly has discretion to grant or deny a motion to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court of Appeals for this Circuit has held that denial of leave to amend is not an abuse of discretion in the face of sufficiently compelling reasons, such as "undue delay, bad faith, or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.1996).

The Court of Appeals for this Circuit has held that the denial of a motion to amend is fully warranted when a significant amount of time has passed and the movant has had plenty of opportunity to raise the issues brought in an amended complaint.  Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987).  See generally Kirby v. P.R. Mallory & Co., Inc., 489 F.2d 904, 912 (7th Cir. 1973) (unfair for movant to remain mute when facts known two-and-a-half years prior to the motion).  As the Anderson court explained, "If the amended complaint alleged facts unknown prior to the completion of discovery, the delay in amending the complaint would be understandable.  However, an analysis of the amended

4

complaint shows that no new facts are alleged to justify adding. . .counts. " Anderson v. USAir, Inc., 619 F. Supp. 1191 (D.D.C. 1985), aff'd, 818 F.2d 49 (D.C. Cir. 1987).  The denial of a motion to amend is particularly justified when the plaintiff fails to allege any new facts to excuse the delay in moving to amend.  Anderson v. USAir, Inc., 619 F. Supp. at 1198.  In this case, the Plaintiff has had more than three years to amend her complaint, but, she provides no explanation for the cause of the delay in her motion to amend.

Further, the Supreme Court has made clear that the most important factor in relation to a motion to amend is whether the nonmoving party will be prejudiced if the movant is permitted to amend his Complaint.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Courts have deemed motions to amend prejudicial where "the amendment . . . is proposed late enough so that the opponent would be required to engage in significant new preparation."  6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (2000).  Thus, "when the motion to amend is filed late in the litigation, justice requires the Court to determine whether there is prejudice to the defendants."  Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 1 (D.D.C. 1990).

　　II.  Plaintiff's Motion to Amend Was Unnecessarily and Unreasonably Delayed

The original complaint in the instant case was filed over three years ago, allowing significant time for the Plaintiff to file a motion to amend her complaint.  Instead, the Plaintiff filed her amended complaint the same week that the deposition was scheduled for the allegedly similarly situated individual named in the count added to the amended complaint and only a week before the close of discovery.  Given the three years the Plaintiff had to amend her complaint, the delay until the week of the scheduled deposition of Phil Williams, the individual

the Plaintiff alleges in her amended complaint was a similarly situated individual employed by the FBI, is unreasonable and likely intended to delay discovery.

Further, it is clear that Plaintiff was aware of Mr. Williams and his allegedly similar situation even before the filing of the original complaint. In fact, the Plaintiff mentions Mr. Williams as a similarly situated individual in her own EEO affidavit executed more than five years ago on May 29, 2003. See Ex. 1 at p. 5-6. Thus, Plaintiff's knowledge of Mr. Williams as an allegedly similarly situated individual extends two years before the case was even filed. Remarkably, now Plaintiff files a motion to amend adding a count that alleges specifically that Mr. Williams was a similarly situated individual as if this is new information. The Court should reject this behavior from Plaintiff.

Moreover, Plaintiff fails to provide a reason or excuse as to why she could not have sought to amend her complaint earlier in the case, long before discovery was underway and depositions had been scheduled. The Plaintiff has known since before the filing of this complaint that Mr. Williams was an employee of the FBI, who was permitted to transfer from FAVIAU to another unit after alleged performance issues. See Id. To have waited this length of time in which to seek this amendment amounts to, if not bad faith given the total lack of new information, then at a minimum, unreasonable and unnecessary delay. Certainly, this court would be acting well within its discretion to deny her motion to amend on this basis. Hollinger-Haye, 130 F.R.D. at 1-2 (motion to amend denied where plaintiff failed to demonstrate a good reason for the delay in filing the motion to amend).

    III. The Grant of Plaintiff's Motion to Amend Will Unfairly Prejudice the Defendant.

The timing of the filing of the amended complaint has unfairly prejudiced Defendant because of the amended complaint was filed the same week as the scheduled deposition of

6

Mr. Williams.  As a result of Plaintiff's action, Defendant was not afforded ample time to react to and adequately prepare to defend the deposition of the individual now named as a comparator.  Accordingly, Plaintiffs' motion to amend to raise such claims should be denied.

   IV. <u>Newly Added Count Will Fail to Survive A Dispositive Motion</u>

   Notwithstanding the foregoing evidence of prejudice to Defendant, should the Court consider allowing Plaintiff to amend her complaint to name Phil Williams as a comparator at this late date, Plaintiff's motion is also subject to denial based on the fact that it would be futile, as it would not survive a dispositive motion.  <u>National Wrestling Coaches Ass'n</u> v. <u>Department of Education</u>, 366 F.3d 930, 945 (D.C. Cir. 2004); <u>James Madison Ltd v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

   In her amended complaint, Plaintiff attempts to assert that she was treated differently compared Phil Williams, an alleged similarly-situated white male, in that Mr. Williams was permitted to transfer to another unit and Plaintiff was not permitted a transfer.  <u>See</u> Amended Complaint ¶ 23 (Dkt. No. 34).  To prove that she is similarly situated to another employee, Plaintiff must demonstrate that all of the relevant aspects of her employment situation were nearly identical to those of the allegedly comparable employee.'"  <u>Laurent v. Bureau of Rehab., Inc.</u>, --- F. Supp. 2d ---, 2008 WL 1710912, at *3 (D.D.C. April 14, 2008).  Yet there are a host of differences between Plaintiff and Mr. Williams.

   As stated above, during the relevant time period, Plaintiff was a Video Communications Examiner, in FAVIAU.  Mr. Williams was "not yet an examiner."  <u>See</u> Affidavit of Philip Williams, Exhibit 4 at p. 2 ("Ex. 4").  Further, Mr. Williams states that he "did not receive the PAR [Performance Appraisal Report] until I had "already established a TDY [Temporary Duty Assignment] position in another Unit." <u>Id</u>. at p. 3.  In her amended complaint, Plaintiff attempts

to assert that Phil Williams was permitted to transfer after performance problems whereas Plaintiff was denied a transfer after performance problems were documented. However, as stated in his affidavit, Mr. Williams solidified his TDY prior to his receiving a "does not meet expectations" on his PAR. Id. Further, Mr. Williams and Plaintiff did not have the same immediate supervisor in FAVIAU. See Ex.

Therefore, Plaintiff fails to establish that she and Mr. Williams were nearly identical in any relevant aspects of her employment. Accordingly, Plaintiffs' motion to amend her complaint to include this count should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully submits that Plaintiffs' motion to file an amended complaint be denied.

Dated: August 4, 2008

        Respectfully submitted,

        _/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        _/s/_____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        _/s/_____
        MEGAN M. WEIS
        Special Assistant U.S. Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, NW
        Washington, D.C. 20530

*Attorneys for Defendant*