UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MERINDA EVANS,** | * |
| Plaintiff, | * |
| v. | *    Case No. -05-CV-1063 |
| **MICHAEL MUKASEY** | * |
| Defendant. | * |

\* \* \* \* \* \* \*

**PLAINTIFF'S REPLY MOTION FOR LEAVE TO AMEND COMPLAINT**

**NOW COMES** Plaintiff, Merinda Evans, and files Reply to Defendant's Opposition to Motion for Leave to Amend to add Phil Williams as a comparator in her Title VII action is as follows:

**ARGUMENT**

According to F.R.C.P. 15, this Court should freely give leave when justice so requires. However, Defendant's Opposition attempts to advance several arguments on why this Court should deny Plaintiff's motion. First, Defendant argues that Plaintiff's motion should be denied due to unnecessarily and unreasonably delay. (Defendant's Opposition at 5¶3)[1]. Specifically, Defendant argues that this, "original complaint in the instant case was filed over three years ago, allowing significant time for the Plaintiff to file a motion to amend her complaint." Id. However, the passage of time of the litigation is not central to whether Plaintiff should be allowed leave to amend her

---

[1] The Court should take judicial notice of the fact that it is Defendant who has delayed these proceedings since he has had four different legal

1

complaint. (See Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C. 148 F.3d 1080,1084 C.A.D.C.,1998., in which the Court of Appeals held that "delay alone is not sufficient to deny a motion for leave to amend.")

Next, Defendant's Opposition argues that he will be unfairly prejudiced in the event Plaintiff's motion is granted. (Defendant's Opposition at 6:¶3). However, Defendant was afforded an opportunity to question Phil Williams on July 24th at the same time Plaintiff conducted his deposition. Moreover, as evident by the exhibits submitted in Defendant's Opposition, Defendant was in possession of Mr. Williams investigative statements well in advance of his deposition and so was fully aware of the scope of his prior testimony in relation to his role as a comparator in the underlying litigation. (See Defendant's Affidavit of Philip Williams, Exhibit 4 at p. 2). In fact, Defendant's Opposition specifically cites to Phil Williams' prior affidavit testimony in which he discusses his characteristics as a comparator. Id. Thus, it is somewhat disingenuous for Defendant now to argue that he "was not afforded ample time to react to and adequately prepare to defend the deposition of the individual now named as a comparator." (Defendant's Opposition at 7: ¶3).

Lastly, Defendant's Opposition attempts to argue that adding Phil Williams as a comparator would be futile, since he was not similarly-situated to Plaintiff . (Id. at ¶2). Defendant's Opposition relies upon cases that challenged subject matter jurisdiction pursuant to F.R.C.P. 12(b). Id. However, whether or not Plaintiff and Mr. Williams are similarly-situated should not serve as a basis for this Court to deny Plaintiff's relief. (See, George v. Leavitt, 407 F.3d 405, 414-15 D.C.Cir.2005, "[w]hether two employees are similarly situated ordinarily presents a question of fact for the jury.")

---

representatives assigned to this case since the litigation began. (See Docket Report).

Alternatively, Plaintiff is prepared to allow Defendant a second opportunity to examine Mr. Williams if would be amenable to another deposition of the deponent.

## CONCLUSION

For the reasons aforementioned, Plaintiff asks this Court to grant the requested relief.

Respectfully submitted on behalf of Plaintiff,

_____/s/_____
Nathaniel D. Johnson (MD Bar #14729)
Richard L. Thompson, II (MD Bar #15980)

## Certificate of Service

I, Nathaniel D. Johnson, affirm under the penalty of perjury that on this date, August 12, 2008, the foregoing Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend the Complaint was sent, via ECF, to the following addressees:

Megan Weis, Esq.
Attorney for Defendant                                                /s/
                                                                      Nathaniel D. Johnson